DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Terry Millender, appeals from his convictions in the Summit County Court of Common Pleas for robbery, abduction, and aggravated assault. We affirm.
 {¶ 2} On July 18, 2002, the Summit County Grand Jury indicted Defendant on one count of robbery, in violation of R.C. 2911.02(A)(2), one count of kidnapping, in violation of R.C. 2905.01(A)(2), one count of felonious assault, in violation of R.C. 2903.11(A)(2), and one count of receiving stolen property, in violation of R.C. 2913.51(A). Defendant was also indicted on two misdemeanors that are not before this Court. Defendant entered a plea of not guilty to the felony charges.
 {¶ 3} On November 21, 2002, a jury found Defendant guilty of the lesser included offense of robbery, in violation of R.C. 2911.02(A)(3), one count of abduction, and one count of aggravated assault. The trial court sentenced Defendant accordingly. Defendant timely appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR
"[Defendant's] convictions were based upon insufficient evidence as a matter of law."
 {¶ 4} In his sole assignment of error, Defendant challenges the sufficiency of the evidence upon which the jury found him guilty of committing abduction, robbery, and aggravated assault. We find that Defendant's convictions were supported by sufficient evidence.
 {¶ 5} When reviewing the legal sufficiency of the evidence to support a criminal conviction, it is the function of an appellate court:
"[T]o examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
"`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,386. A reversal of a verdict due to the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id. at 387.
 {¶ 6} Defendant argues that there was insufficient evidence to support his conviction for abduction. More specifically, Defendant argues that he did not knowingly by force or threat (1) remove another from the place where the other person is found, or (2) restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear. See R.C. 2905.02. We disagree.
 {¶ 7} Defendant removed Brad Muranko ("Muranko") by use of force from the place where Muranko was found. Defendant parked his car directly outside a Kaufmann's exit with the car doors slightly ajar. As Cy Sweeney ("Sweeney") exited Kaufmann's with an arm full of stolen shorts, Sweeney was met by Muranko, a Kaufmann's security guard. The two struggled. Sweeney pulled himself in the car window. Muranko continued his hold on Sweeney. With Muranko dangling out of the window, Defendant sped away, running a stop sign, weaving, and reaching speeds of at least 35-45 m.p.h. Muranko was forced to go with Defendant against his will.
 {¶ 8} Furthermore, Muranko's liberty was restrained by force under circumstances that placed him in fear. Once Muranko was inside the vehicle, Defendant yelled, "[W]hat the fuck is this white man doing in [my] car?" Muranko continued to struggle with Sweeney. Although he attempted to free himself, Muranko was "being held by [his] one arm." He pulled himself in rather than risk falling from the vehicle or being hit by another motorist.
 {¶ 9} Muranko demanded that Defendant pull over and let him out at least three times, but Defendant refused to pull over. Thus, Muranko's liberty was restrained by force. Furthermore, Defendant told Muranko, "I have a gun." Sweeney then interjected, "Let's go to a secluded place." These statements placed Muranko in fear. Defendant's abduction conviction is sustained.
 {¶ 10} Defendant also argues that the evidence was insufficient to support a conviction for robbery under R.C. 2911.02(A)(2). That section provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" The violation of R.C. 2911.02(A)(2) constitutes a felony of the second degree. R.C. 2911.02(B). The prison term for a second degree felony is between two to eight years. R.C.2929.14(A)(2).
 {¶ 11} We note, however, that the jury found Defendant "guilty of the lesser offense of [r]obbery, to wit[,] by use of force and not by use, attempt, or threat of physical harm[.]" (Emphasis added.) R.C.2911.02(A)(3), states that "[n]o person in attempting or committing a theft offense * * * shall * * * [u]se or threaten the immediate use of force against another." A violation of R.C. 2911.02(A)(3) is a felony of the third degree. R.C. 2911.02(B). The prison term for a third degree felony shall be between one to five years. R.C. 2929.14(A)(3).
 {¶ 12} At the sentencing hearing, the trial judge expressly stated that Defendant was sentenced "on the count of robbery, a felony of the third degree, to four years [in prison]." Although the journal entry incorrectly states that Defendant was sentenced pursuant to R.C.2911.02(A)(2) and that R.C. 2911.02(A)(2) is "a felony of the third (3rd) degree[,]" we note that Defendant received a prison sentence of four years which is consistent with a violation of R.C. 2911.02(A)(3), a third degree felony. Thus, as Defendant has received the benefit of the less serious offense, we presume that the journal entry contains a typographical error and conclude that Defendant was sentenced for the crime of which he has been convicted.
 {¶ 13} Accordingly, Defendant's contention that his conviction for R.C. 2911.02(A)(2) was not supported by sufficient evidence will not further be addressed as Defendant was convicted of the lesser crime of robbery in violation of R.C. 2911.02(A)(3).
 {¶ 14} Finally, Defendant argues that his conviction for aggravated assault was unsupported by sufficient evidence because Defendant (1) did not knowingly cause Muranko serious physical harm, or (2) cause or attempt to cause physical harm to Muranko by means of a deadly weapon or dangerous ordnance. We disagree.
 {¶ 15} A "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C.2923.11(A). We have repeatedly held that a car, used as a weapon, can be considered a deadly weapon within the meaning of the statute. See Statev. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 12; State v.Noble (Feb. 28, 1996), 9th Dist. No. 95CA006118, at 3; State v. Davidson
(June 20, 1990), 9th Dist. No. 89CA004641, at 4. The only question that remains is whether Defendant caused or attempted to cause Muranko physical harm.
 {¶ 16} Defendant drove the car in a reckless manner after the attempted theft, knowing that Muranko was hanging out of the window. By doing so, Defendant attempted to cause Muranko physical harm. In addition, Muranko injured his back as he jumped out of the vehicle as it was moving. Therefore, Defendant caused Muranko injury by means of a deadly weapon. Defendant's conviction for aggravated assault is sustained.
 {¶ 17} Defendant's assignment of error is overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
WHITMORE, J., BATCHELDER, J CONCUR.